WATKINS, Judge
(dissenting).
Once the State through the District Attorney had entered a nolle prosequi and dismissed the charges against the defendant, there obviously was no longer any obligation on the part of the defendant to appear before the court for any purpose. It follows, therefore, that there was no further liability on the bail bond.
With respect to the failure of the defendant to appear at the pre-trial conference incident to this prosecution, the record is not clear that the defendant was ordered to appear personally at the conference. Her attorney was present. The bench warrant issued by the trial court upon her failure to appear was recalled and vacated by this court.
Assuming arguendo that the defendant had been ordered to appear personally at the pre-trial conference, I do not believe that the court had authority to so order.
LSA-C.Cr.P. art. 729.4 provides that the trial court by order or pursuant to the rules of court may order the appearance of the district attorney and the defense counsel at the pre-trial conference. The trial court is not given Codal authority to direct the defendant’s presence at the pre-trial conference.
However, the majority opinion takes the position that art. 5, Sec. 2 of the Louisiana Constitution of 1974 and also art. 17 of the Code of Criminal Procedure by giving the trial court power to issue all orders in the exercise of its jurisdiction gave the trial court inherent authority to direct that defendant be present at the pre-trial conference. I do not think that either the Constitution or the Codal provision means that the court can issue orders in contravention of or substantially beyond the procedural rules set forth by Code or statute. To so interpret the authority to grant necessary orders would be to render rules of procedure unnecessary, or to cause such rules to become at most loose guidelines ancillary to the supposed broad power of thé court to do as it will.
I respectfully dissent.